John Faraon MASSO, Appellant,

v.

Vance W. BRYAN, Sr., Appellee.

No. 12065.

Court of Civil Appeals of Texas, Austin.

July 11, 1973.

Rehearing Denied Aug. 8, 1973.

Dick McCarroll, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

Terry R. Tippit, Austin, for appellee.

PHILLIPS, Chief Justice.

This suit was brought by Vance W. Bryan, Sr., appellee, against John Masso, appellant, for damages resulting from breach of a lease agreement and malicious conversion of personal property.

Trial before a jury resulted in a judgment against appellant for $4,200 actual damages and $4,000 exemplary damages. From this judgment, appellant has perfected his appeal to this Court.

We affirm.

Appellant and appellee were parties to a lease agreement under the terms of which appellee was to lease certain property to appellant. Among the fixtures which were leased under the above mentioned agreement were 358 chairs. Although these

chairs belonged to the appellee, appellant traded them in on new chairs which appellant bought in the name of the appellee. The new chairs, including the trade-in value of the chairs converted, cost $3,409.58. Appellant then deducted this amount from his lease payments to appellee for the months of September, 1971 through January, 1972.

The court found, as a matter of law, that appellant converted the 358 chairs owned by appellee and also found, as a matter of law that appellee was entitled to recover the rentals due from September, 1971 through January, 1972.

Only three issues were submitted to the jury which found that the fair market value of the chairs was $1,432; that in trading in the 358 chairs, appellant acted with malice; and that $4,000 was the sum that should be assessed against appellant as exemplary damages.

Appellant is before us on three points of error, the first being that of the trial court in entering judgment against appellant for exemplary damages because the jury's answer to the special issue finding malice was predicated upon an improper definition of malice. We overrule this point.

The trial court defined malice as follows:

> "In connection with this special issue, you are instructed that the term 'malice' means ill will, bad or evil motive, or such gross indifference to the rights of others as will amount to willful or wanton act."

■ Appellant takes the position that this definition would allow a finding of malice based merely upon evidence that the act inquired about was done willfully; that all acts of conversion are done willfully. We do not agree with this construction of the definition. The clause in the definition containing the words willful or wanton is a subordinate clause which modifies the principal clause *"or such gross indifference to the rights of others* as will amount to a willful or wanton act." A similar definition of "notice" was used in Ware v. Paxton, 359 S.W.2d 897 (Tex.Sup. 1962) where the court stated that definitions of malice and the grounds for exemplary damages are necessarily general and do not provide precise limits for the decision of cases.

■■ While appellant's contention that an intent to injure or damage the owner of the converted property is a necessary element to exemplary damages is generally correct, such intent may be inferred from the acts or conduct of the wrong-doer. Schutz v. Morris, 201 S.W.2d 144 (Tex. Civ.App., Austin 1947, no writ hist.). It is also the settled law of this state that when one sequesters property when he knows or should have known that he has no right to title or possession of the property so taken, that such action will authorize the recovery of exemplary damages. Wright Titus, Inc. v. Swafford, 133 S.W.2d 287 (Tex. Civ.App., Austin 1939, writ dism'd). Commercial Credit Equipment Corp. v. Elliott, 414 S.W.2d 35 (Tex.Civ.App., Eastland 1967, writ ref. n. r. e.); First Security Bank & Trust Co. v. Roach, 493 S.W.2d 612 (Dallas, Tex.Civ.App., 1973, no writ hist.).

■ We also overrule appellant's points two and three which are his evidence points. Appellant contends that either or both of these points demonstrate lack of support of the jury's finding of malice on his part.

■ There is no doubt that appellant knew that he was converting appellee's chairs to his own use. There is evidence that appellee told appellant specifically not to trade the chairs prior to the trial. In cases in which punitive damages are regarded as properly recoverable in an action for conversion, the allowance thereof is ordinarily submitted to the sound discretion of the jury. Van Deventer v. Gulf Pro-

duction Co., 41 S.W.2d 1029 (Tex.Civ. App.1931, writ ref.). See 54 A.L.R.2d 1361, et seq.).

The judgment of the trial court is affirmed.

Affirmed.